HENRY JACKSON, relator, *vs.* Honorable JAMES M. CLARK, Judge, respondent.

(McCAY, Judge, was providentially prevented from presiding in this case.)

Jackson was charged with the offense of murder, as principal in the second degree. Upon his trial the record of the conviction of Martin, the principal in the first degree, was introduced in evidence. A motion for a new trial was then pending in behalf of Martin. Jackson was convicted. Martin secured a new trial and was acquitted. The use of the record of his conviction was made a ground of a motion for new trial in the case of Jackson. Pending the consideration of this motion, counsel for movant, appointed by the court, without his knowledge or consent, withdrew the same and abandoned his case. Subsequently, after the adjournment of the term of court at which Jackson was tried, other counsel renewed the motion. The judge refused to consider it. A bill of exceptions was presented to him, which he refused to certify, and the writ of *mandamus* is prayed for:

*Held*, that the facts above stated present such an extraordinay case as required the judge, under section 3721 of the Code, to entertain the motion, and to certify the bill of exceptions to his decision thereon. TRIPPE, Judge, concurring.

*Mandamus.* New trial. Bill of exceptions. Before the Supreme Court. January Term, 1874.

For the facts, see the opinions.

C. T. GOODE, by brief, for relator.

C. F. CRISP, Solicitor General, for respondent.

WARNER, Chief Justice.

This is an application for a *mandamus* to require the judge of the superior court to sign and certify a bill of exceptions to his refusal to grant a new trial in the case of the *State vs. Henry Jackson,* found guilty of the offense of murder, and sentenced to be executed. It appears from the record before us and the answer of the judge to the *mandamus nisi,* that one Martin and the defendant Jackson were jointly indicted

for murder, the former as principal in the first degree, the latter as principal in the second degree. The defendants severed on their trial. Martin was found guilty as principal in the first degree, and the record of his conviction was read in evidence on the trial of Jackson, who was also found guilty as principal in the second degree. Martin obtained a new trial, and upon the second trial he was acquitted as principal in the first degree. A motion was made for a new trial in the case of Jackson by the counsel appointed by the court to defend him, on the ground that the record of the conviction of Martin had been read in evidence against him over his objections, when upon the second trial it was made to appear that he was not guilty as principal in the first degree (the motion for a new trial in Martin's case being then pending) by the verdict of acquittal on that new trial. The counsel appointed by the court to defend Jackson, after having made the motion in his behalf for a new trial on the grounds before stated, and before the court had expressed any opinion in relation to its merits, in the presence and hearing of the court, withdrew said motion, and abandoned the same, whereupon the court, at once, without proceeding further in the case, turned over the papers to the counsel and gave the same no further consideration. Afterwards, other counsel representing the defendant, made a motion for a new trial, under the provisions of the 3719th and 3721st sections of the Code, embracing the same grounds made in the original motion, and for newly discovered evidence, which motion the court overruled, and refused to sign and certify the defendant's bill of exceptions. When the constitution of the state declares that "every person charged with an offense against the laws shall have the privilege and benefit of counsel," it means that he shall have counsel who are able and willing to defend him, and protect his legal rights when put upon his trial for the offense with which he is charged. It was the duty of the counsel appointed by the court to defend this defendant, to have pressed his motion for a new trial before the court, and obtained the decision of the court thereon. If they had done so they might have obtain-

Jackson *vs.* Clark.

ed a new trial for him. In view of the general conduct of the profession in defending this class of our pauper population, without fee or reward, with the same zeal and ability as if amply compensated for their services, and which is so creditable to them, the abandonment of the defendant's motion for a new trial without obtaining the judgment of the court thereon, presents such an *extraordinary* case in the courts of this state as required the court below, when it overruled the defendant's motion for a new trial, to have signed and certified his bill of exceptions. The defendant may or may not be guilty of the offense with which he is charged, but if he is guilty he is entitled to a fair and impartial trial, and is entitled to the privilege and benefit of counsel who will see to it that he has such a trial, and if he shall be found guilty according to the laws of the land, then let him suffer the penalty thereof. The newly discovered evidence furnished no legal ground for a new trial, and we should not have required the judge to sign and certify the bill of exceptions on that ground.

Let the order making the *mandamus* absolute be granted.

TRIPPE, Judge, concurring.

Where counsel have been appointed by the court to represent a defendant in a criminal case, and after conviction a motion is regularly made for a new trial and submitted to the judge, founded on grounds of grave and serious importance, and whilst the court is considering such motion, the same is withdrawn without the knowledge or consent of the defendant, such facts are sufficient to give a right to the party, under sections 3719 and 3721, of the Code, to be heard in vacation, as is therein provided for motions for new trials to be made and heard at a time other than during the term when the new trial was had.

The rule, in my opinion, should be, that when counsel thus appointed, propose to withdraw or abandon any legal proceeding of so grave importance to the defendant thus situated, a motion for a new trial containing grounds that at once arrest the attention of the judge, as in this case, the court should

either require the counsel already appointed, to have the right of the defendant under the motion adjudicated or should appoint other counsel for that purpose. No person situated as this defendant, should, without his knowledge or consent or *laches*, be thus summarily deprived of his right to a motion for a new trial which has already been made, and which, as certified in substance by the judge, had challenged his grave and serious consideration. Whilst I could not approve of any ruling that would break down the barriers against negligence or *laches*, or weaken the provisions of the law requiring proper diligence from parties, I do not think such a rule as is now indicated would have that effect. It would give defendants, who are themselves helpless to secure such aid as they might, of their own volition, select for the defense of their legal rights, a full and fair opportunity of having all such rights legally passed upon, and at the same time leave ample and complete power in the courts so to have the law administered that justice need not be delayed in her demands.

As the motion was made in due time, under the law, and the defendant has not had the privilege of a judgment on the merits of the grounds contained in the original application, and that, too, for causes of which he was not cognizant, and should not be held responsible, I am of the opinion that he is entitled to his writ of error.