**MELTON v. BEARD, Warden, et al.**

No. 595.

District Court, M. D. Georgia, Macon Division.

Aug. 28, 1936.

George P. Munro, of Columbus, Ga., and Park & Strozier, of Macon, Ga. (Har-ry S. Strozier, of Macon, Ga., of counsel), for petitioner.

M. J. Yeomans, Atty. Gen., George L. Goode, Asst. Atty. Gen., and A. J. Perryman, Sol. Gen., of Columbus, Ga., for respondents.

DEAVER, District Judge.

This is a petition for the writ of habeas corpus on the ground that petitioner was denied the due process of law guaranteed to him by the Constitution of the United States (Amendment 14).

Petitioner was indicted in Muscogee superior court for the offense of rape. Counsel was appointed by the court to represent the defendant. A trial was had before a jury and resulted in conviction. Defendant's father, acting independently of defendant and of the court, thereupon conferred with defendant's counsel and paid him $25 to file and argue a motion for new trial, informing counsel at the time that said employment was not to relieve counsel of any of his duties under his appointment. A motion for new trial was filed. Then defendant's father employed another attorney, Mr. T. Hicks Fort, to read the record and advise the father and defendant's counsel whether any errors were discovered. Mr. Fort, acting for defendant's counsel, obtained a continuance of the motion for new trial in order to give Mr. Fort time to read the record. Mr. Fort did read the record and advised defendant's father that he found errors in the record. Mr. Fort had no further connection with the case and did not at any time represent defendant.

On the day finally set for hearing the motion, counsel for defendant, without entering upon any hearing, withdrew from the case, informing the court that he had filed no brief of evidence or amendment to the motion and that he did not further represent the defendant, leaving the defendant unrepresented. The court thereupon dismissed the motion for new trial without passing upon its merits.

The defendant was thereafter sentenced to be electrocuted on the 14th day of August, 1936. The petition for habeas corpus was presented in the late afternoon of August 12, 1936. The writ was directed to issue, and on the day set the petitioner was produced and a hearing had.

The Constitution of Georgia, art. 1, § 1, par. 5, provides that: "Every person charged with an offense against the laws

of this State shall have the privilege and benefit of counsel."

Also article 1, § 1, par. 4, provides that: "No person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney, or both."

In Jackson v. Clark, 52 Ga. 53, "The counsel appointed by the court to defend Jackson, after having made the motion in his behalf for a new trial on the grounds before stated, and before the court had expressed any opinion in relation to its merits, in the presence and hearing of the court, withdrew said motion, and abandoned the same," whereupon the court gave the motion no further consideration; the Supreme Court said: "When the constitution of the state declares that 'every person charged with an offense against the laws shall have the privilege and benefit of counsel,' it means that he shall have counsel who are able and willing to defend him, and protect his legal rights when put upon his trial for the offense with which he is charged. It was the duty of the counsel appointed by the court to defend this defendant, to, have pressed his motion for a new trial before the court, and obtained the decision of the court thereon."

In Downer v. Dunaway (C.C.A.) 53 F.(2d) 586, on page 589, the court said: "Counsel who represented appellant may have construed their appointment as covering only the actual trial, such as impanneling the jury, examining and cross-examining the witnesses, and making arguments in the case, and not as including the making of motions for continuance, change of venue, and a new trial. If so, the construction they placed upon their appointment is too narrow to be countenanced, and cannot be attributed to appellant who had no choice in the selection of his counsel."

In dealing with the right to counsel in the federal courts, headnote 2 of the case of Bridwell v. Aderhold, Warden (D.C.) 13 F.Supp. 253, says: "Accused's rights to counsel and compulsory process for obtaining witnesses are fundamental rights which courts should safeguard with meticulous care, and award to accused, whether requested or not, unless waived by accused in manner showing his express and intelligent consent."

Headnote 3 of the same case says: "Where accused was not notified of indictment for possessing and uttering counterfeit money until day of trial, was not in-formed of right to counsel, and defended without assistance of counsel, accused held deprived of constitutional rights."

In Jackson v. Clark, supra, the Supreme Court of Georgia was dealing with a case in which counsel appointed by the court, in his capacity as counsel, withdrew the motion for new trial, and yet the court held that it was the duty of counsel to have pressed the motion and to have obtained the decision of the court thereon. The case we are now dealing with is stronger than the Clark Case, because here appointed counsel did not withdraw the motion for new trial but withdrew as counsel leaving the defendant without counsel.

■ Under the foregoing authorities, it is apparently true, though the question is not now expressly decided, that the petitioner was denied his rights under the Constitution of Georgia in violation of the due process clause of the United States Constitution (amendment 14.) However, the general rule is that petitioner must show, not only that he has been denied his rights, but also that either he has exhausted all the corrective processes of the state or that such processes are inadequate for his protection.

The Supreme Court of Georgia in the Clark Case, supra, held that, when appointed counsel withdrew the motion for new trial without pressing it to decision, an extraordinary motion for new trial would lie.

It may be, too, that a motion could be filed in the court in which petitioner was convicted to set aside the sentence and the order dismissing the motion for new trial, on the ground that, having been made in violation of the Georgia Constitution and the United States Constitution, they are void, and praying for reinstatement of the motion for new trial.

■ The writ of habeas corpus is also available in this state. In Mooney v. Holohan, 294 U.S. 103, on page 113, 55 S.Ct. 340, 342, 79 L.Ed. 791, 98 A.L.R. 406, the court said: "No decision of the Supreme Court of California has been brought to our attention holding that the state court is without power to issue this historic remedial process when it appears that one is deprived of his liberty without due process of law in violation of the Constitution of the United States. Upon the state courts, equally with the courts of the Union, rests the obligation to guard and en-

force every right secured by that Constitution."

It is true that the Fifth Circuit Court of Appeals in the Downer Case, supra, held that the right to the writ of habeas corpus out of a federal court was determinable as of the date of the petition, as regards the duty to exhaust other remedies, and that an extraordinary motion for new trial in this state cannot be made in vacation.

It may be true also that, if a motion to set aside the sentence and order dismissing the motion for new trial and to reinstate the motion is an available remedy, it too could not be filed in vacation. However, the record in this case does not show that when the petition was presented the superior court of Muscogee county was in vacation. The record fails to show that petitioner has attempted to protect his rights by any of the proceedings herein mentioned, and fails to show that the state processes are not amply adequate for his protection.

It being the duty of the state courts to protect a defendant against any violation of the State or the Federal Constitution, it must be presumed that they will do so. It not appearing that there are not available adequate remedies in the state courts, this court has no right to intervene and to interrupt the orderly processes of the state.

The writ will be discharged and the petitioner remanded to the custody of the state.