### UNITED STATES ex rel. LESSER v. HUNT, Warden.

District Court, W. D. New York.
July 15, 1938.

Samuel Lesser, in pro. per.

John J. Bennett, Jr., Atty. Gen. of New York (James A. Noonan, Asst. Atty. Gen., of counsel), for respondent.

BURKE, District Judge.

The petitioner herein is held as a prisoner in the Attica State Prison pursuant to a judgment and commitment of The Court of General Sessions of the County of New York, under date of March 16th, 1932, under a sentence of imprisonment in a State prison for a term of fifty years. The petition for a writ of habeas corpus herein

is made upon the ground that the commitment by which the prisoner is being detained was obtained by fraud and that the trial prosecutor by his sworn statement conceded the fact that the conviction resulted from perjured evidence and that by reason of the above the petitioner's constitutional rights have been abrogated and that he has been imprisoned without due process of law and deprived of equal protection of the law. This is the first application for relief, upon the grounds stated, that the petitioner has made in any court.

It is the general rule that the Federal Courts will not interfere by habeas corpus with the orderly course of procedure under State authority, in the case of one asserting that he is being held by State authority in violation of his rights under the Constitution of the United States, but will require him to exhaust the remedies afforded by the State for determining whether he is illegally restrained of his liberty. Urquhart v. Brown, 205 U.S. 179, 181, 27 S.Ct. 459, 51 L.Ed. 760; United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17, 46 S.Ct. 1, 70 L.Ed. 138; Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406. Certain exceptions to the general rule have been made by the Federal Courts but the circumstances in the present case do not bring it within the exceptions recognized.

For the reasons stated the writ should be dismissed.