## UNITED STATES ex rel. BUCHALTER v. LOWENTHAL.

Circuit Court of Appeals, Second Circuit.
Jan. 9, 1940.

Fred D. Kaplan, of New York City, for the motion.

John T. Cahill and Stanley H. Fuld, both of New York City, opposed.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

The relator pleaded guilty to an indictment in the District Court for the Southern District of New York and was sentenced to fourteen years imprisonment, with a cumulative suspended sentence of ten years. He was remitted to the custody of the marshal, whereupon the District Attorney of New York County procured consent from the Attorney General of the United States that he might be brought to trial before the Court of General Sessions of New York County upon an indictment already pending in that court. A judge of that court thereafter passed an order directing the marshal to present the relator to plead to the indictment; and the marshal produced him and he stood mute. The judge adjourned the cause until the regularity of the arraignment should be tested. The relator then procured a writ of habeas corpus out of the district court, and upon return to the writ offered to prove that he could not have a fair trial in the state court, owing to the hostility of the local press and of public opinion. The district judge refused to hear any evidence upon that issue, or to review the consent of the Attorney-General to the trial in the state court, and dismissed the writ. The relator then appealed to this court and now moves for a stay forbidding the marshal to produce him before the state court.

The appeal is wholly without merit. The consent of the Attorney-General is necessary, not as a protection to the prisoner against any action by the state court, but because without it that court could not interfere with the prisoner's custody which belonged to the United States. He cannot therefore ask for a review of those considerations which may have led the Attorney-General to consent. Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879; Zerbst v. McPike, 5 Cir., 97 F.2d 253.

It is quite another question whether the district court should prevent the relator from being tried by the state court; the jurisdiction to do so when a prisoner's constitutional rights will be invaded is well settled, though it is very seldom exercised. Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868. In the case at bar the allegation is that the

state of public opinion is such as to prevent a fair trial in the state court; and we do not say that that could never result in depriving a prisoner of a right guaranteed by the Fourteenth Amendment U.S.C.A.Const. Here, however, no case was presented for the intervention of the district court. The state court is as much charged with obedience to the Constitution as any other, and we should not assume that the prisoner will not have as fair a hearing at its hands upon the issue presented, as he would at those of the district court. Any constitutional questions he may wish to raise, he can present at the trial and on appeal; the extraordinary circumstances which have at times justified federal courts in interfering in limine do not exist. We have just overruled the same argument in United States ex rel. Murphy v. Murphy, 2 Cir., 108 F.2d 861, and need add nothing to what we then said.

Stay denied.