**UNITED STATES ex rel. LESSER v. HUNT, Warden.**

Circuit Court of Appeals, Second Circuit.

Jan. 20, 1941.

Samuel Lesser, pro se.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

Lesser, the relator, was convicted of the crime of kidnapping on February 19, 1932, in the Court of General Sessions of the County of New York. Later he moved for a new trial on newly discovered evidence; the court considered this motion and denied it on June 2, 1932. He then took an appeal from both the conviction and the order denying his motion for a new trial, and the Appellate Division for the First Department affirmed both (People v. Lipsky, 238 App.Div. 777, 262 N.Y.S. 881). The Court of Appeals denied leave to appeal. In February, 1935, the County Court of Clinton County issued a writ of habeas corpus to review his detention but dismissed it after a hearing and the Appellate Division for the Third Department denied any relief (People ex rel. Lesser v. Murphy, 249 App.Div. 669, 291 N.Y.S. 370). Thereafter, on July 15, 1938, he took out of the District Court in the Western District of New York a writ of habeas corpus, which Judge Burke dismissed because he had not exhausted his remedies in the state court. 25 F.Supp. 646. Thereupon Mr. Justice MacGregor of the Supreme Court of the State of New York issued a second writ of habeas corpus which he dismissed on October 10, 1938, after full consideration of the questions

now raised (171 Misc. 640, 14 N.Y.S.2d 532) and the Appellate Division for the Fourth Department affirmed this order (256 App.Div. 1048, 10 N.Y.S.2d 922). The Court of Appeals again denied the leave to appeal. 280 N.Y. 853, 21 N.E.2d 220. The relator then sued out this writ before Judge Knight who considered the merits, and decided that the case was not one in which a district court should exercise jurisdiction (D.C., 34 F.Supp. 730). The relator has appealed from that order, and now applies for leave to sue in forma pauperis and for the appointment of a special master to hear the evidence and report on the facts.

The issuance of the writ at bar was an abuse of legal process and no further writs ought to be issued at all. As we have several times said, intervention by lower federal courts in such cases is justified only in the rarest instances; that is, only when the state courts will not, or cannot, do justice. United States ex rel. Murphy v. Murphy, 2 Cir., 108 F.2d 861. United States ex rel. Buchalter v. Lowenthal, 2 Cir., 108 F.2d 863. There is no more reason to suppose in this case than there was in Mooney v. Holohan, 294 U. S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A. L.R. 406, that the state law does not give adequate relief for the supposed wrongs of which the relator complains. He has had repeated hearings upon the merits in those courts, and his remedy, if he had any, was only by application to the Supreme Court of the United States by certiorari. The facts in Ex parte Sharp, D.C., 33 F.Supp. 464, are so totally different as to require no discussion.

Petition denied; order affirmed.