**JOHNSON v. WILSON, Warden of Kilby Prison.**

**No. 10401.**

Circuit Court of Appeals, Fifth Circuit.

Nov. 5, 1942.

Walter S. Smith, of Birmingham, Ala., for appellant.

William N. McQueen, Atty. Gen., of Alabama, Noble J. Russell, Asst. to the Atty. Gen. of Alabama, and Thomas S. Lawson, all of Montgomery, Ala., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

The appellant was convicted of rape and sentenced to death in a state court of Alabama. He moved for a new trial; the motion was overruled; and he prosecuted an appeal to the Supreme Court of Alabama. The judgment of the lower court was affirmed, and an application for rehearing was denied. Johnson v. State, 242 Ala. 278, 5 So.2d 632. Thereafter appellant applied to the United States Supreme Court for a writ of certiorari, which was denied. Id., 316 U.S. 693, 62 S.Ct. 1299, 86 L.Ed. 1763. He then sought a rehearing on said petition for certiorari, which was also denied by the Supreme Court. Id., 316 U.S. 713, 62 S.Ct. 1310, 86 L.Ed. 1778.

On June 11, 1942, the petition for writ of habeas corpus in this case was filed in the court below. In addition to the defenses previously urged in the state court,

it was alleged in said petition that appellant was denied the equal protection of the laws as guaranteed by the Fourteenth Amendment, in that the State of Alabama systematically and intentionally excluded negroes from the grand and petit juries that indicted and convicted him. Pursuant to said petition, a writ of habeas corpus was issued by the court below, to which due return was made setting forth the reasons for appellant's detention.

Upon a hearing, the district court discharged the writ and dismissed the petition without prejudice, on the ground that the petitioner had not exhausted his available remedies in the state courts. It is true that the court below, after hearing evidence upon the subject, found that petitioner, upon his trial in the state court, was duly represented by competent counsel, which was to that extent a finding upon the merits; but the basis of the court's action in the dismissal of appellant's petition without prejudice was his failure to apply for the writ of habeas corpus in the state court before seeking such relief in the federal court.

The prerogative writ of habeas corpus is available to appellant in the state courts of Alabama upon the grounds stated in his petition, but he has not sought to avail himself of such remedy in the courts of that state. Section 17 of the Constitution of Alabama provides "that the privilege of the writ of habeas corpus shall not be suspended by the authorities of this state." The statutory plan to carry out the constitutional mandate is contained in the Alabama Code of 1940, Title 15, Ch. 1. In addition, Section 140 of said constitution provides that the Supreme Court shall have power to issue writs of habeas corpus. Statutes putting this provision into effect are found in Title 13, Section 17, of said code. Section 89 of Title 13 of said code also authorizes the court of appeals of said state to issue writs of habeas corpus.

Except in extraordinary circumstances, orderly procedure requires that, before a federal court is asked to issue a writ of habeas corpus in behalf of a person held under a state commitment, recourse should be had to whatever judicial remedy afforded by the state may still remain open in behalf of such person. As there are no unusual circumstances in this case that relieve the appellant of the duty of invoking the privilege of the writ of habeas corpus available to him under the constitution and laws of the State of Alabama, the court below committed no error in discharging the writ and dismissing appellant's petition without prejudice to his rights to seek such remedies as may be available to him.[1]

The state and federal courts are equally bound to protect rights secured by the federal constitution, but there is a discretion vested in the federal courts as to the time and manner in which they will exert the powers conferred upon them by the federal statute commanding them to issue writs of habeas corpus forthwith on the presentation of a petition, to hear the case summarily, and thereupon to dispose of it as law and justice require.[2] That discretion should be exercised in the light of the relation existing between state and federal courts under our dual form of government, which relation should not be disturbed by

[1] Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; Ex parte Otto van Dyke, 296 U.S. 541, 56 S.Ct. 84, 80 L.Ed. 384; Hall v. California, 9 Cir., 79 F.2d 132; Phillips v. McCauley, Warden, 9 Cir., 92 F.2d 790; Ex parte Cowen, 9 Cir., 98 F.2d 530; United States, in Behalf of Tulee, v. House, Sheriff, 9 Cir., 110 F.2d 797; Achtien v. Dowd, Warden, 7 Cir., 117 F.2d 989; Gebhart v. Amrine, Warden, 10 Cir., 117 F.2d 995; John Botwinski v. Dowd, 7 Cir., 118 F.2d 829, certiorari denied, 314 U.S. 586, 62 S.Ct. 476, 86 L.Ed. 473; Davis v. Dowd, Warden, 7 Cir., 119 F.2d 338; Sharpe v. Buchanan, 6 Cir., 121 F.2d 448; Kramer v. State of Nevada, 9 Cir., 122 F.2d 417; Morton v. Henderson, 5 Cir., 123 F.2d 48; Lunsford v. Hudspeth, Warden, 10 Cir., 126 F.2d 653; In re Miller, 9 Cir., 126 F.2d 826; Jones v. Dowd, Warden, 7 Cir., 128 F.2d 331; Grant v. Richardson, Superintendent, 4 Cir., 129 F.2d 105; Kelly v. Ragen, Warden, 7 Cir., 129 F.2d 811; Melton v. Beard, Warden, et al., D.C., 15 F.Supp. 980; United States ex rel. Henson v. Mills, D.C., 21 F.Supp. 616; People ex rel. Albanese v. Hunt, D.C., 34 F.Supp. 444; United States ex rel. Lesser v. People of State of New York, D.C., 34 F.Supp. 730; United States ex rel. Lesser v. Hunt, 2 Cir., 117 F.2d 30, 31; Id., D.C., 25 F.Supp. 646; People ex rel. Tower v. Hunt, Warden, D.C., 36 F.Supp. 49; Hall v. Verdel et al., D.C., 40 F.Supp. 941; Ex parte Moore, D.C., 43 F.Supp. 886.
[2] 28 U.S.C.A. §§ 455, 461.

unnecessary conflicts between state and national tribunals that are equally bound to guard constitutional rights.[3]

The judgment appealed from is affirmed.

---

[3] Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868; People of State of New York v. Eno, 155 U.S. 89, 15 S.Ct. 30, 39 L.Ed. 80; Whitten v. Tomlinson, 160 U.S. 231, 16 S.Ct. 297, 40 L.Ed. 406; 25 Am.Jur., Sections 17 and 18, pp. 154, 155; Sec. 132, pp. 238, 239.