**UNITED STATES ex rel. RAY v. MARTIN, Warden.**

**No. 177.**

Circuit Court of Appeals, Second Circuit.

Jan. 28, 1944.

Thomas J. McKenna, of Buffalo, N. Y. (James B. McKenna and Benjamin Galperin, both of Buffalo, N. Y., of counsel), for relator-appellant.

George L. Grobe, of Buffalo, N. Y. (R. Norman Kirchgraber, of Buffalo, N. Y., of counsel).

Nathaniel L. Goldstein, Atty. Gen., Wortley B. Paul and Henry S. Manley, Asst. Attys. Gen., and Beverly S. Galloway, of Olean, N. Y., for respondent-appellee.

Before SWAN, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

Relator-appellant was convicted and sentenced in the Supreme Court of Cattaraugus County, New York, to life imprisonment for murder of a man, in the City of Salamanca, New York, which lies within the Allegany Indian Reservation, all the land within the City of Salamanca being leased from the Seneca Nation. Relator-appellant is not an Indian, nor was the murdered man. The conviction was affirmed in the Appellate Division of the New York Supreme Court; leave to appeal to the Court of Appeals of that State was denied. In the proceedings in the State court, relator-appellant did not raise the question of jurisdiction. He made no application for a writ of habeas corpus in the State court, but applied for such a writ in the court below. Relying largely on our decision in United States v. Forness, 2 Cir., 125 F.2d 928, he asserted that, under the federal statutes and treaties with the Seneca Nation, the State court had no jurisdiction whatsoever of a trial for murder occurring in Salamanca. The court below made an order denying the application for the writ. From that order relator-appellant appeals.

We agree with the contention made by the State of New York, through its Attorney General, and by respondent, that the application for the writ to a federal court was prematurely made. Save in most exceptional circumstances, the writ will not issue if the relief sought is from the judgment of a State court where the petitioner has not exhausted his remedies in the State court and has not shown that the State court will not, or cannot, do justice.[1] There is no showing whatever here that justice will be denied in the State court, and none of the exceptional circumstances, noted in the cases cited, here exist.

Affirmed.

CLARK, Circuit Judge (concurring).
I concur in the decision herein on the ground stated in the opinion, as well as upon the additional and alternative ground also relied upon by the District Court, July 19, 1943, 54 F.Supp. 218.

---

[1] Ex parte Abernathy et al., 64 S.Ct. 13; United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17, 46 S.Ct. 1, 70 L. Ed. 138; Mooney v. Holohan, 294 U.S. 103, 115, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; Urquhart v. Brown, 205 U.S. 179, 27 S.Ct. 459, 51 L.Ed. 760; Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868; Davis v. Burke, 179 U.S. 399, 403, 21 S.Ct. 210, 45 L.Ed. 249; People of State of New York v. Eno, 155 U.S. 89, 15 S.Ct. 30, 39 L.Ed. 80; United States ex rel. Lesser v. Hunt, 2 Cir., 117 F.2d 30, 31; United States ex rel. Murphy v. Murphy, 2 Cir., 108 F. 2d 861, 862; Hawk v. Olson, 8 Cir., 130 F.2d 910, certiorari denied 317 U.S. 697, 63 S.Ct. 435; Jones v. Dowd, 7 Cir., 128 F.2d 331; Sanderlin v. Smith, 4 Cir., 138 F.2d 729; Johnson v. Wilson, 5 Cir., 131 F.2d 1; Stonefield v. Buchanan, 6 Cir., 124 F.2d 23.

The circumstances justifying the issuance of a writ in such cases must be far more exceptional than those which would justify the issuance of the writ where the relief is sought from the judgment of a federal court. See, e. g., In re Lincoln, 202 U.S. 178, 182, 26 S.Ct. 602, 50 L.Ed. 984; People of State of New York v. Eno, 155 U.S. 89, 96–98, 15 S.Ct. 30, 39 L.Ed. 80 (explaining In re Loney, 134 U.S. 317, 10 S.Ct. 584, 33 L.Ed. 949); Sanderlin v. Smith, 4 Cir., 138 F.2d 729, 731. Accordingly, cases like Bowen v. Johnson, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455, are not pertinent here.