## HAGEWOOD v. PEOPLE OF STATE OF CALIFORNIA et al.

### Civil Action No. 5251.

District Court, N. D. California, N. D.

Aug. 31, 1945.

George Darris Hagewood, petitioner, in pro. per.

Robert W. Kenny, Atty. Gen. of California, and James O. Reavis, Deputy Atty. Gen. of California, for respondents.

WELSH, District Judge.

Petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of Alameda, on two counts, of the crime of robbery in the first degree. He was sentenced to the California State Prison at Folsom for the term prescribed by law, and the Adult Authority set his sentence at two terms of ten years each.

A former Board of Prison Terms and Paroles granted him a Special Service Parole subject to acceptance by the Army, but the United States Army, Ninth Service Command, declined to accept petitioner into the armed forces.

Contentions made in his petition for writ of habeas corpus appear to be that he became entitled to go into the army or to be discharged from the State Prison if the army did not take him.

The same points were raised in a petition for writ of habeas corpus filed in the Supreme Court of the State of California which was denied by said Court on February 19, 1945. An application for rehearing was likewise denied on March 19, 1945.

The Warden of the Folsom Prison has filed herein a return which shows that the commitment of the petitioner was regular and that his incarceration is in accordance with law.

The Attorney General of California has filed a brief wherein the legislation of said state with reference to such matters is ably summarized, analyzed and reviewed. It is therein pointed out that the Legislature of California enacted the so-called Special Service Parole Act in 1943, St.1943, p. 1914, in the preamble whereof it is set forth (Sec. 3100 of the Penal Code): "* * * there is hereby created for the duration of said war emergency a system or form of parole to be known as special service parole for release of such men into the armed forces of the United States through the facilities of National Selective Service."

Said legislation carried an emergency clause, a portion whereof reads (Chap. 396, Stats.1943, p. 1916, sec. 4): "There are now many able bodied men serving time in State prisons, county jails and city jails who, if given the opportunity to serve in the armed forces could materially assist the military manpower needs of this Nation."

Section 3104 of said Code specifies: "Persons given this parole shall go directly from custody into the hands of military authorities and shall in no case be paroled to civilian life."

Section 3105 specifically states: "Special service paroles shall be conditional in nature and shall continue in force, unless sooner revoked, for a period of time equal to the maximum term of imprisonment theretofore fixed for the parolee."

These quotations show the legislative intent in enacting the Penal Code sections with reference to Special Service Paroles. The primary purpose was to subserve the best interests of our Nation in the emergency situation arising from World War II. Actual entrance into the armed service was made prerequisite to any benefits which might incidentally accrue to an individual under said Act.

Steps taken in the case of petitioner, George Darris Hagewood, were purely conditional. They conferred on him no vested rights. When the military authorities saw fit to decline his offer to serve, his status continued to be that of a prisoner; he did not attain the actual or potential status of a free man.

Petitioner makes certain claims with reference to the constitutionality of the California Special Service Parole Act which this Court deems devoid of merit.

The Supreme Court of California has heretofore denied petitioner any relief in a similar proceeding. This Court concurs with said Court.

It is held that this is a case wherein, without issuing the writ, the Court should consider and determine whether the facts alleged by the petition, if proved, would warrant discharge of the prisoner.

Ex parte Quirin, 317 U.S. 1, 63 S.Ct. 2, 87 L.Ed. 3.

It is also held that, in view of the principle that Federal courts should exercise their discretion with relation to habeas corpus in the light of the relation existing between state and federal courts under our dual form of government, we should not disturb the processes of the state courts which were equally bound to guard the constitutional rights of the petitioner. Johnson v. Wilson, 5 Cir., 131 F.2d 1.

Neither is this regarded as such an exceptional case as to warrant issuance of a writ of habeas corpus when the petitioner is detained under state process. In re Anderson, 9 Cir., 117 F.2d 939.

Sufficient showing has not been made that this is one of those rare cases where exceptional circumstances of peculiar urgency are shown to exist. Hawk v. Olson, 8 Cir., 130 F.2d 910.

The order to show cause is, therefore, discharged, and the petition for writ of habeas corpus denied.