## WOOLSEY *v.* BEST, WARDEN.

No. 256.   Jurisdictional statement distributed September 10, 1936.—
Decided October 12, 1936.

*Mr. Thomas H. Gibson* was on the brief for appellant.

*Mr. Byron Rogers,* Attorney General of Colorado, and *Messrs. Charles Roach, Walter F. Scherer,* and *Pierpont Fuller, Jr.,* Assistant Attorneys General, were on the brief for appellee.

PER CURIAM.

Appellant brought this proceeding in the Supreme Court of Colorado to obtain a writ of *habeas corpus.* His petition was denied without opinion. It appears that appellant was held pursuant to conviction for violation

1

of § 2676 C. L. 1921, being § 40, c. 44, Session Laws 1913, of the laws of Colorado (see also § 2740 C. L. 1921, being § 85, c. 44 of Session Laws of 1913), the judgment of conviction having been affirmed by the Supreme Court of the State. *Woolsey* v. *People,* 98 Colo. 62; 53 P. (2d) 596.

It is well established that the writ of *habeas corpus* cannot be used as a writ of error. This is the rule in Colorado as well as in this Court. The judgment of conviction was not subject to collateral attack. *People ex rel. Burchinell* v. *District Court,* 22 Colo. 422; 45 Pac. 402; *Martin* v. *District Court,* 37 Colo. 110, 115; 86 Pac. 82; *Chemgas* v. *Tynan,* 51 Colo. 35; 116 Pac. 1045; *In re Arakawa,* 78 Colo. 193, 196; 240 Pac. 940; *In re Nottingham,* 84 Colo. 123, 128; 268 Pac. 587. Compare *Harlan* v. *McGourin,* 218 U. S. 442; *Riddle* v. *Dyche,* 262 U. S. 333; *Craig* v. *Hecht,* 263 U. S. 255, 277; *Knewel* v. *Egan,* 268 U. S. 442, 445, 446; *Cox* v. *Colorado,* 282 U. S. 807. It is apparent from the record submitted that the state court had jurisdiction to try the appellant for violation of the statute in question and that any federal question properly raised as to the validity of the statute could have been heard and determined on appeal to this Court from the final judgment in that action. The Supreme Court of the State was not required by the Federal Constitution to entertain such questions on the subsequent petition for *habeas corpus,* and it does not appear that its denial of the petition did not rest upon an adequate non-federal ground. *Lynch* v. *New York,* 293 U. S. 52, and cases there cited. The appeal is dismissed for the want of jurisdiction.

*Dismissed.*