**FRACH v. MASS, Sheriff.**

No. 9223.

Circuit Court of Appeals, Ninth Circuit.

Sept. 22, 1939.

Stanley J. Mitchell and Harry Frazer, both of Oregon City, Or., for appellant.

Fred A. Miller, Dist. Atty., and P. K. Hammond, Deputy Dist. Atty., both of Oregon City, Or., for Clackamas County, Or., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

## PER CURIAM.

Appellant was indicted by an Oregon grand jury for larceny of automobile tires, inner tubes, wheels, an hydraulic jack, and other miscellaneous automobile tools belonging to the United States under Oregon Code, Ann. 1930, § 14-315 which provides that larceny of property having a value in excess of $35 is a felony. Oregon Code, Ann.1930, § 13-301 provides: "Every person * * * is liable to punishment by the laws of this state for a crime committed by him therein, except where such crime is by law cognizable exclusively in the courts of the United States."

Appellant was convicted in the state court and sentenced, and rightly, unless the state court was without jurisdiction. The state court was without jurisdiction, if larceny of property belonging to the United States is "cognizable exclusively in the courts of the United States".

Larceny of property of the United States is made a crime by 18 U.S.C.A. § 82.

18 U.S.C.A. § 547 provides: "Nothing in sections 1 to 553 * * * of this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof".

Jurisdiction is conferred on the United States courts by 28 U.S.C.A. § 371, which provides:

"The jurisdiction vested in the courts of the United States in the cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several States:

"First. Of all crimes and offenses cognizable under the authority of the United States * * *".

Appellant alleged in his petition that he had made a motion in arrest of judgment and stay of execution in the state court and that the legality of his detention had not been previously adjudged upon application for a writ of habeas corpus. The court below denied the petition and this appeal followed.

The above facts require application of the rule that "the appropriate way to raise questions involving the validity of a commitment under a state law is by application to the state courts, and if denied by appeal to the Supreme Court of the United States". Palmer v. McCauley, 9 Cir., 103 F.2d 300, 301, and cases cited.

Order affirmed.