**GRANT et al. v. RICHARDSON, Superintendent of State Penitentiary of South Carolina, et al.**

**No. 4965.**

Circuit Court of Appeals, Fourth Circuit.

June 30, 1942.

Harold R. Boulware, of Columbus, S. C., for appellants.

Robert McC. Figg, Jr., of Charleston, S. C. (John M. Daniel, Atty. Gen. of South Carolina, on the brief), for appellees.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a writ of habeas corpus. No certificate of probable cause as required by 28 U.S.C.A. § 466 was issued by the judge below; but the appeal was heard along with an application for such certificate addressed to the judges of this court. We are of opinion that both the appeal and the application are without merit.

Appellants were convicted and sentenced to death, for the crime of assault with intent to commit rape, by the Circuit Court of Berkeley County, South Carolina. After their conviction, questions with relation to the constitution of the grand jury which found the indictment and the petit jury which found the appellants guilty of the crime charged, as well as questions relating to the opportunity given the prisoners to secure counsel and the opportunity given counsel to prepare the case for trial, were fully considered on a motion for new trial. The motion for new trial was denied; and these questions were considered by the Supreme Court of South Carolina, together with questions raised on the trial, on an appeal in which the judgment of the lower court was affirmed. State v. Grant, 199 S. C. 412, 19 S.E.2d 638. Application for certiorari was made to the Supreme Court of the United States by a petition in which these questions were presented, and the application was denied by that court. Grant et al., Petitioners, v. State of South Carolina, 62 S.Ct. 942, 86 L.Ed. ——. The petition for habeas corpus attempts to raise the same questions again and thus review the decision of the state court as to questions which the Supreme Court of the United States declined to review on application for certiorari. It is well settled that the writ of habeas corpus cannot be thus used as a writ of error. Woolsey v. Best, 299 U.S. 1, 57 S. Ct. 2, 81 L.Ed. 3.

It is alleged in the petition that there is reason to believe that appellant Grant is insane and has been in that condition for some time. No such defense was asserted upon the trial or upon the motion for new trial, and the allegation furnishes no ground for issuing the writ of habeas corpus. If he is now insane, this is a matter which should be called to the attention of the Governor of the State in an application for executive clemency or made the subject of an application to the courts of South Carolina for stay of sentence pursuant to rule 28 of the Supreme Court of that state. Certainly the State of South Carolina will not permit a death sentence to be executed upon an insane person; but this is a matter to be dealt with by the Governor or the state courts. It does not furnish ground for release by a federal court under a writ of habeas corpus.

For the reasons stated, the order denying the writ of habeas corpus will be affirmed.

Affirmed.