## SANDERLIN v. SMYTH.
### No. 5121.

Circuit Court of Appeals, Fourth Circuit.
Nov. 8, 1943.

730

W. A. Hall, Jr., of Richmond, Va., for appellant.

Walter E. Rogers, Asst. Atty. Gen. (Abram P. Staples, Atty. Gen., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from an order of the United States District Court for the Eastern District of Virginia quashing a writ of habeas corpus, dismissing the petition for the writ and remanding petitioner to the custody of the Superintendent of the Virginia State Penitentiary by whom he was held pursuant to a judgment and sentence of the Circuit Court of Norfolk County, Virginia. In the year 1940, the petitioner was indicted, tried and found guilty in the Circuit Court of Norfolk County of the crime of murder, and by that court was sentenced to the penitentiary for the term of his natural life. The conviction was affirmed by the Supreme Court of Appeals of Virginia on June 9, 1941. Sanderlin v. Com., 177 Va. 888, 15 S.E.2d 116. On March 9, 1943, petitioner applied to the Supreme Court of Appeals for a writ of habeas corpus asking that his conviction be declared void and that he be released from imprisonment. This petition was denied, and petitioner, without attempting to review the denial by certiorari from the Supreme Court of the United States, applied to the court below for a writ of habeas corpus, setting forth the same grounds urged in the petition filed with the Supreme Court of Appeals of Virginia.

The grounds upon which the petition was asked are that two trial orders entered in the state trial court fail to show the presence of the accused at the trial; that the record fails to show affirmatively that the accused was present with the jury when they were taken to view the scene of the crime; that the record fails to show that upon the adjournment from August 1, 1940, to August 2, 1940, the jury were ordered to be kept together in the custody of a sworn officer of the court; that the prisoner was not present in the judge's chambers when the motion to strike the Commonwealth's evidence was argued; and that neither the trial judge nor the counsel for the accused was present at the view of the scene of the crime. The evidence adduced before the judge below shows conclusively, however, that the prisoner was in fact present at all stages of his trial before the jury, including the time when the jury was taken to view the scene of the crime; that he was represented by experienced counsel; that his rights were properly protected on the trial; and that incidents claimed to be irregular were duly presented by motion for new trial and by appeal to the Supreme Court of Appeals of the state.

There has been some confusion of thought recently with regard to the right of persons imprisoned under judgments of state courts which they claim to have been obtained in violation of rights guaranteed by the Constitution of the United States to apply to the lower federal courts for release under habeas corpus. It may be useful, therefore, to summarize the rules which we understand to be applicable in such cases. They are:

1. The writ of habeas corpus may not be used in such cases as an appeal or writ of error to review proceedings in the

state court. Woolsey v. Best, 299 U.S. 1, 57 S.Ct. 2, 81 L.Ed. 3; Moore v. Dempsey, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543; Grant v. Richardson, 4 Cir., 129 F.2d 105; Jones v. Dowd, 7 Cir., 128 F.2d 331. The judgment of the state court is ordinarily res adjudicata, not only of those issues which were raised and determined, but also of those which might have been raised. Woolsey v. Best, supra; Ex parte Spencer, 228 U.S. 652, 33 S.Ct. 709, 57 L.Ed. 1010; Morton v. Henderson, 5 Cir., 123 F.2d 48. Ordinarily, failure to raise a constitutional question during trial amounts to waiver thereof (United States v. Brady, 4 Cir., 133 F.2d 476, 481); and only where failure to raise the question at the trial was due to ignorance, duress or other reason for which petitioner should not be held responsible, may resort be had to habeas corpus in the federal courts, and, even in these cases, only where it is made to appear that there has been such gross violation of constitutional right as to deny to the prisoner the substance of a fair trial and thus oust the court of jurisdiction to impose sentence. Moore v. Dempsey, supra; Frank v. Mangum, 237 U.S. 309, 331, 35 S.Ct. 582, 59 L.Ed. 969; Cf. Valentina v. Mercer, 201 U.S. 131, 26 S.Ct. 368, 50 L.Ed. 693.

██ 2. The federal court should not issue the writ, even in the extraordinary cases above indicated, unless it is made to appear that petitioner has no adequate remedy in the state courts. If he has such remedy by habeas corpus, writ of error coram nobis or otherwise, he must pursue it, and can have the writ from the federal courts only after all state remedies have been exhausted. Mooney v. Holohan, 294 U.S. 103, 55 S. Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 46 S.Ct. 1, 70 L.Ed. 138; Jones v. Dowd, 7 Cir., 128 F.2d 331; Hawk v. Olson, 8 Cir., 130 F.2d 910, certiorari denied 317 U.S. 697, 63 S.Ct. 435, 87 L.Ed. ——. Ordinarily, adjudications made by the state courts in connection with applications made to them will be binding on the federal courts; and, if the prisoner is not satisfied with state court action, his remedy, after exhausting the rights of review provided by state law, is to apply to the Supreme Court of the United States for writ of certiorari to review the state court proceedings, not to seek such review through application to a lower federal court or judge for a writ of habeas corpus. Urqu-

hart v. Brown, 205 U.S. 179, 27 S.Ct. 459, 51 L.Ed. 760, and cases there cited; Frach v. Mass, 9 Cir., 106 F.2d 820; United States v. Brady, 4 Cir., 133 F.2d 476, 482.

██ 3. The writ of habeas corpus may be issued by a federal court or judge in cases where petitioner is imprisoned under the judgment of a state court only if it is made to appear, (1) that there has been such gross violation of constitutional right as to deny the substance of a fair trial and the prisoner has not been able to raise the question on the trial because of ignorance, duress or other reason for which he should not be held responsible, (2) that he has exhausted his remedies under state law, and (3) that no adequate remedy is available to him under state law, either because state procedure does not provide adequate corrective process or because there are exceptional circumstances, such as local prejudice or an inflamed condition of the public mind, which render it impossible or unlikely for him to obtain adequate protection of his rights in the courts of the state, i.e. he is entitled to the writ in the federal courts "only when the state courts will not, or cannot, do justice". United States ex rel. Lesser v. Hunt, 2 Cir., 117 F.2d 30, 31; Moore v. Dempsey, supra.

The above rules, of course, have no application to a prisoner in custody for an act done or omitted pursuant to a law of the United States, 28 U.S.C.A. § 453, or to exceptional cases of peculiar urgency involving such matters as the administration of justice in a national tribunal (In re Loney, 134 U.S. 372, 10 S.Ct. 584, 33 L.Ed. 949), or the provisions of an international treaty. Wildenhus' Case, 120 U.S. 1, 7 S. Ct. 385, 30 L.Ed. 565.

██ It is perfectly clear that petitioner here has not made any such showing as to entitle him to the writ from the federal courts. He was represented at the trial by competent counsel; and there is no basis for any contention that, through ignorance, duress or other reason for which he should not be held accountable, his rights were not properly protected. There was present no such gross violation of constitutional right as to deny him the substance of a fair trial and thus oust the court of jurisdiction to impose sentence. He had an adequate remedy under state law of which he availed himself when he filed petition with the Supreme Court of Appeals for writ of habeas corpus; and

the fact that relief was denied on that application gives rise to the inference, not that the remedy was inadequate, but that he was not entitled to relief. If not satisfied with the action of that court, he should have applied to the Supreme Court of the United States for review by certiorari. The points upon which he relies are mere matters of procedure; and there are present in the record no such exceptional circumstances of peculiar urgency as would justify a lower federal court in issuing the writ for the purpose of inquiring into matters already adjudicated by a state court.

 Specifically, the fact that trial orders did not affirmatively show that petitioner was present on certain days of the trial, when he was shown to be present in fact, was no sufficient showing to justify the intervention of a federal court in a habeas corpus proceeding on the ground that petitioner had been denied a fair trial. Ex parte Sullivan, 9 Cir., 83 F.2d 796. The same is true of the point that arguments as to the legal sufficiency of the evidence were conducted before the judge in chambers in the absence of the defendant. United States v. Johnson, 3 Cir., 129 F.2d 954, 144 A.L.R. 182. And it is true also of the point that the trial judge and counsel for defendant did not accompany the jury when it viewed the scene of the crime. Schonfeld v. United States, 2 Cir., 277 F. 934. The only question which we can consider with respect to these matters is, not whether error was committed under state practice, but whether there was a denial of due process as guaranteed by the federal constitution. Rawlings v. Georgia, 201 U.S. 638, 26 S.Ct. 560, 50 L.Ed. 899, 5 Ann. Cas. 783; Ashe v. United States ex rel. Valotta, 270 U.S. 424, 46 S.Ct. 333, 70 L.Ed. 662; Snyder v. Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674, 90 A.L.R. 575; Buchalter v. People of State of New York, 319 U.S. 427, 63 S.Ct. 1129, 1130, 87 L.Ed. 1492. As said in the case last cited: "The due process clause of the Fourteenth Amendment requires that action by a state through any of its agencies must be consistent with the fundamental principles of liberty and justice which lie at the base of our civil and political institutions, which not infrequently are designated as the 'law of the land.' Where this requirement has been disregarded in a criminal trial in a state court this court has not hesitated to exercise its jurisdiction to enforce the constitutional guarantee. But the Amendment does not draw to itself the provisions of state constitutions or state laws. It leaves the states free to enforce their criminal laws under such statutory provisions and common law doctrines as they deem appropriate; and does not permit a party to bring to the test of a decision in this court every ruling made in the course of a trial in a state court. * * * As already stated, the due process clause of the Fourteenth Amendment does not enable us to review errors of state law however material under that law. We are unable to find that the rulings and instructions under attack constituted more than errors as to state law. We cannot say that they were such as to deprive the petitioners of a trial according to the accepted course of legal proceedings."

There was no error and the decision below will be affirmed.

Affirmed.