**Ex parte ROBERTS.**

Civil Action No. 167.

District Court, W. D. Virginia,
at Harrisonburg.

July 3, 1945.

E. J. Roberts, pro se.

PAUL, District Judge.

The petition for the issuance of a writ of habeas corpus which has been filed by one E. J. Roberts alleges that petitioner is unlawfully restrained of his liberty by the Superintendent of the Virginia State Penitentiary, who holds him under a sentence pronounced by the Circuit Court of Wise County, Virginia, in August, 1940, and that petitioner is now in custody at the lime-grinding plant operated by the State of Virginia at Staunton, a place within this district.

Numerous exhibits are filed with the petition and from these, together with the allegations of the petition, it appears that petitioner, after trial before a jury, was convicted upon two indictments, for forgery and grand larceny respectively and that he received a sentence of eight years on the former and of five years on the latter charge; and was committed to the State penitentiary for service of these sentences with the provision that they were to be served concurrently.

■ A considerable part of the petition as well as of the exhibits is directed to petitioner's claim that he is innocent of the charges brought against him and relates to the nature or sufficiency of the evidence upon which he was convicted. Allegations of this nature are, of course, no foundation for the issuance of a writ of habeas corpus. Nothing is more well settled than that habeas corpus cannot be used as a substitute for an appeal or writ of error to review the sufficiency of the evidence upon which a conviction has been obtained. The cases in which this principle has been announced are numberless, and only a few need be cited. See Woolsey v. Best, 299 U.S. 1, 57 S.Ct. 2, 81 L.Ed. 3; Grant v. Richardson, 4 Cir., 129 F.2d 105, 106; Sanderlin v. Smyth, 4 Cir., 138 F.2d 729, 730.

However, the petitioner further alleges that his conviction was obtained in viola-tion of rights guaranteed to him by the XIV Amendment to the Constitution of the United States; that he was deprived of his liberty without due process of law; that his rights and privileges as a citizen of the United States were abridged, and that he was denied equal protection of the law. Specifically he charges that he was forced into trial without the assistance of counsel for his defense and without an opportunity to produce witnesses in his behalf; that he was tried before a jury none of whose names were called in the presence of petitioner and who were not sworn in his presence; and that the court never pronounced sentence upon him in his presence.

While some of these allegations are denied by the recitals in the court records which are presented with the petition, it might well be considered that they are sufficient to justify the use of habeas corpus for an inquiry into the validity of petitioner's detention. However, there are other considerations which must be taken into account before the issuance of such a writ by this court would be justified. These considerations arise not only from certain settled principles applying to applications of this sort, but from facts set out in the petition here filed. It appears that following petitioner's conviction he was committed to the state penitentiary at Richmond in the Eastern District of Virginia. Petitioner did not apply for a writ of error following his conviction but in December, 1940, a few months after his conviction and sentence, he was permitted to and did file in the Supreme Court of Appeals of Virginia his petition for a writ of habeas corpus. He alleges that this petition was heard in that Court and on January 15, 1941, was dismissed. He does not allege the contents of that petition nor state the grounds of its dismissal. It is reasonable to assume, I think, that the grounds on which his petition was based were the same as now asserted. And inasmuch as the Supreme Court of Appeals of Virginia has original jurisdiction to issue writs of habeas corpus Va.Const. Sect. 88; Code of Va. § 5865, and consented to hear petitioner's application, it is fair to presume that its dismissal was after a hearing on the merits and not upon jurisdictional or other formal grounds.

Thereafter in February, 1943, petitioner, who was then in custody within the Eastern District of Virginia, filed a petition for a

writ of habeas corpus in the United States District Court for that district at Richmond. The petition then filed was upon the same grounds and embodied the same allegations of fact as that now before this court. The writ issued and after a hearing before Judge Pollard of the Eastern District, at which evidence was heard upon the merits of petitioner's claims, the court discharged the writ and remanded the petitioner to the penitentiary upon the ground that the evidence was not sufficient to support the allegations of the petition. From this action of the District Court petitioner applied to the judges of the United States Circuit Court of Appeals for the Fourth Circuit for a certificate of probable cause for an appeal 28 U.S.C.A. § 466. This was denied on the ground that the facts shown by the record did not justify allowance of an appeal.

It will be seen, therefore, that the matters now presented in the petition before this Court have been previously considered by (1) The Supreme Court of Appeals of Virginia, (2) the United States District Court for the Eastern District of Virginia, and (3) the United States Circuit Court of Appeals for this circuit; each of which has in turn held adversely to the petitioner. It is true that the present application alleges that since the action of the Circuit Court of Appeals in September, 1943, the petitioner has come into possession of new or additional evidence to support his contentions, the nature of which he indicates. However, this new evidence, with one exception, is pertinent only, if at all, on the question of defendant's guilt or innocence of the charges on which he was convicted; that is, it bears only on the sufficiency of the evidence to prove the charges against him. And this, as has been pointed out, is something which cannot be inquired into or reviewed on habeas corpus. The one exception is an affidavit in support of and cumulative to petitioner's own statements as to his lack of counsel at the trial and that the jury trying him was not sworn.

■ There is still considerable confusion and some diversity of opinion in the decided cases as to the principles which should govern the federal courts in passing upon applications for writs of habeas corpus designed to procure the release of persons confined under judgments of the state courts and who claim the violation of rights guaranteed them by the Federal Constitution. Some of the guiding rules, however, are well settled. One·of these is that the federal courts should be hesitant about any interference with the administration of justice in the state courts and, except in cases presenting exceptional circumstances of peculiar urgency, should not entertain petitions for habeas corpus questioning the validity of state custody, so long as the petitioner has any remedy through the courts of the state. United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17, 46 S.Ct. 1, 70. L.Ed. 138; Frank v. Mangum, 237 U.S. 309, 328, 35 S.Ct. 582, 59 L.Ed. 969; Ex parte Hawk, 321 U.S. 114, 118, 64 S.Ct. 448, 88 L.Ed. 572.

■ Another settled principle closely related to the one just stated is that in the ordinary case the writ of habeas corpus should not issue from a federal court unless it clearly appears that the petitioner has exhausted his remedies in the courts of the state and that no adequate remedy remains to him under state law. Robb v. Connolly, 111 U.S. 624, 637, 4 S.Ct. 544, 28 L.Ed. 542; Mooney v. Holohan, 294 U.S. 103, 115, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; Ex parte Hawk, 321 U.S. 114, 117, 64 S.Ct. 448, 88 L.Ed. 572; Sanderlin v. Smyth, 4 Cir., 138 F.2d 729, 731; Jones v. Dowd, 7 Cir., 128 F.2d 331; Ex parte Williams, 317 U.S. 604, 63 S.Ct. 431, 87 L.Ed. 491.

But there is still some seeming confusion in the decisions as to what procedure is available to the petitioner after he has pursued his way through the state courts. In Andrews v. Swartz, 156 U.S. 272, 276, 15 S.Ct. 389, 39 L.Ed. 422; there is language implying that where the matters of which petitioner complains have been raised and decided adversely to him in the state courts, they may not be reviewed by habeas corpus in the federal courts. In Whitten v. Tomlinson, 160 U.S. 231, 242, 16 S.Ct. 297, 301, 40 L.Ed. 406; it is said: "Except in such peculiar and urgent cases, the courts of the United States will not discharge the prisoner by habeas corpus in advance of a final determination of his case in the courts of the state; *and, even after such final determination in those courts, will generally leave the petitioner to the usual and orderly course of proceeding by writ of error from this court.*" (Emphasis supplied.) This statement is repeated in Frank v. Mangum, 237 U.S. 309, 328, 35 S.Ct. 582, 59 L.Ed. 969. To the same effect is the

case of Sanderlin v. Smyth, 4 Cir., 138 F. 2d 729, 731, where it is said: "Ordinarily, adjudications made by the state courts in connection with applications made to them will be binding on the federal courts; and, if the prisoner is not satisfied with state court action, his remedy, after exhausting the rights of review provided by state law, is *to apply to the Supreme Court of the United States* for writ of certiorari to review the state court proceedings, *not to seek such review through application to a lower federal court or judge for a writ of habeas corpus.*" (Emphasis supplied.)

Urquhart v. Brown, 205 U.S. 179, 27 S. Ct. 459, 51 L.Ed. 760, was a case where the highest court of the state had, after a hearing on the merits of an application for habeas corpus, denied the right of the petitioner to be discharged. Petitioner then made application to a Circuit Court of the United States which, after a hearing, discharged him from custody. 139 F. 846. On appeal to the Supreme Court of the United States the action of the lower federal court was reversed. The opinion by Mr. Justice Harlan points out that, except in a case of peculiar urgency, the lower federal courts are not justified in interfering by habeas corpus with state custody and indicates the proper procedure in these words [205 U.S. 179, 27 S.Ct. 460]:

"After the highest court of the state, competent under the state law to dispose of the matter, has finally acted, the case can be brought to this (the U. S. Supreme Court) court for reexamination. * * * "If the applicant felt that the decision, upon habeas corpus, in the supreme court of the state, was in violation of his rights under the Constitution or laws of the United States, he could have brought the case by writ of error directly from that court to this court." And see Reid v. Jones, 187 U.S. 153, 23 S.Ct. 89, 47 L.Ed. 116.

■ Much of the apparent contradictions in the cases would seem to be dissolved by keeping in mind the distinction between reviewing the action of a state court by appeal or writ of certiorari to the United States Supreme Court on the one hand, and an original application to the latter court for habeas corpus on the other hand. And also by a recognition of the fact that state remedies are not to be considered as exhausted until an effort has been made to review the action of the state court by appeal or certiorari to the Supreme Court of the United States. At least I take it that this distinction and this course of procedure are indicated by the language of the opinion in Ex parte Hawk, 321 U.S. 114, 115, 117, 64 S.Ct. 448, 450, 88 L.Ed. 572, where the Supreme Court of the United States, in denying leave to file a petition for habeas corpus in that court said:

"Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts *and in this Court* by appeal or writ of certiorari have been exhausted. (Emphasis supplied.) * * *

"And where those remedies have been exhausted this Court will not ordinarily entertain an application for the writ before it has been sought and denied in a district court or denied by a circuit or district judge."

And in the recent Supreme Court case of White v. Ragen, 65 S.Ct. 978, 981, it is said:

"Where the highest state court in which a decision could be had, considers and adjudicates the merits of a petition for habeas corpus, state remedies, including appellate review, are not exhausted so as to permit the filing of a petition for habeas corpus in a federal District Court, unless the federal question involved is presented to this Court on certiorari or appeal from the state court decision."

■ In the case, therefore, of a person held in custody under a judgment of a state court, I take these decisions to mean:

(1) That, before applying to a federal court for a writ of habeas corpus, the applicant must have sought all available remedies through the courts of the state and must have sought to have the adverse action of the highest state court reviewed by the Supreme Court of the United States on appeal or certiorari. And not until he has pursued this course has he so far exhausted the remedies available under state law as to permit the filing of a petition for habeas corpus in the federal court.

(2) That the above is true regardless of whether the applicant has gone to the highest state court on appeal or writ of error upon the merits of his conviction or whether he has sought habeas corpus in the state

court. In either event he must have sought to have the adverse action of the state court reviewed by the Supreme Court of the United States before filing an original petition for habeas corpus in a federal district court.

■■■ To the above should be added the observation in Ex parte Hawk, supra, 321 U.S. at page 118, 64 S.Ct. at page 450, 88 L.Ed. 572 that:

"Where the state courts have considered and adjudicated the merits of his contentions, and this Court has either reviewed or declined to review the state court's decision, a federal court will not ordinarily reexamine upon writ of habeas corpus the questions thus adjudicated. Salinger v. Loisel, 265 U.S. 224, 230–232, 44 S.Ct. 519, 521–522, 68 L.Ed. 989. But where resort to state court remedies has failed to afford a full and fair adjudication of the federal contentions raised, either because the state affords no remedy, see Mooney v. Holohan, supra, 294 U.S. 115, 55 S.Ct. 343, 79 L.Ed. 791, 98 A.L.R. 406, or because in the particular case the remedy afforded by state law proves in practice unavailable or seriously inadequate * * * a federal court should entertain his petition for habeas corpus, else he would be remediless. In such case he should proceed in the federal district court before resorting to this Court by petition for habeas corpus."

The net result of these decisions, as I read their meaning, is that where the remedy of habeas corpus is readily available in the courts of the state, as it is in Virginia, a federal district court is not justified in issuance of the writ to question state custody. The reasons for this are that the applicant must first seek habeas corpus in the state courts and if this is denied he must seek to have the action of the state court reviewed by the Supreme Court of the United States. Urquhart v. Brown, supra, and White v. Ragen, supra. If the action of the latter court is adverse to the applicant, it may be that he has the right to apply to a federal district court for, and that the latter has the power to issue, a writ of habeas corpus, but it would hardly be justified in doing so in the face of the fact that the state court has denied the writ and that this action has received the approval of the Supreme Court of the United States. It would require most unusual circumstances to justify a federal district court in proceeding upon an independent inquiry into questions already passed on by the highest courts of both state and federal jurisdiction.

What has been said above relates, of course, to cases where the custody is by state authority and is alleged to be in violation of some federal right. Only the existence of the latter condition permits resort to the federal courts in any event. Nor does it refer to that vague and undefined class of cases described as presenting "exceptional circumstances of peculiar urgency."

■■■ In the instant case there appear several reasons why the petition should be denied. In the first place, the petitioner, having had his application for habeas corpus denied by the Supreme Court of Appeals of Virginia, should have sought review of this action by the Supreme Court of the United States before resorting to an original petition for the writ in a federal court. Urquhart v. Brown, supra, and White v. Ragen, supra. In the second place, a writ of habeas corpus based upon the same grounds, has already been sought by petitioner in another federal court in this state which, after a hearing upon the facts, refused to discharge the petitioner; and from this action the Circuit Court of Appeals declined to grant an appeal. This court would not be justified in reopening for another hearing matters already thus acted on.

■■■ It is true that petitioner now claims that since the denial of his petition in the Eastern District of Virginia he has an additional witness to certain of the facts alleged in his petition. It is extremely doubtful that this merely cumulative evidence could bring about a result which the former hearings failed to achieve; but if it were possible that it could it is clear that this renewed application should first be presented to the state courts before the petitioner comes here. An applicant for habeas corpus cannot seek the writ in the federal court claiming to have exhausted his remedies in the state court where it appears that the matters presented are in any respect materially different. Not until he has presented the full strength of his contentions to the state court has he exhausted his remedies there. Hawk v. Olson, 8 Cir., 130 F.2d 910.

The application for the issuance of a writ of habeas corpus will have to be denied and the petition dismissed.