James V. ALEXANDER, Petitioner,

v.

Ivan R. DAUGHERTY, Warden of Wyoming State Penitentiary, and the State of Wyoming, Respondents.

Civ. No. 4415.

United States District Court
D. Wyoming.

Sept. 12, 1960.

John G. Hanes, Cheyenne, Wyo., for petitioner.

W. M. Haight, Deputy Atty. Gen., for respondents.

KERR, District Judge.

This is a petition for a writ of habeas corpus filed by petitioner, James V. Alexander. Petitioner was charged with the first degree murder of Barbara Alexander, his wife, and was found guilty by a jury of murder in the second degree. He was sentenced to serve a term in the Wyoming State Penitentiary of not less than 45 or more than 65 years. Following his conviction and sentence he took a timely appeal of his case to the Supreme Court of the State of Wyoming. State of Wyoming v. Alexander, 78 Wyo. 324, 324 P. 2d 831. His conviction was affirmed.

Later petitioner applied to the District Court of Carbon County, Wyoming, for a writ of habeas corpus. His application was denied. He then applied to the Supreme Court of the State of Wyoming for a writ of habeas corpus. It was likewise denied. Application was then made to the Supreme Court of the United States for a writ of certiorari from the decision of the Supreme Court of the State of Wyoming. Certiorari was denied. 363 U.S. 850, 80 S.Ct. 1630, 4 L.Ed.2d 1733. He now pursues his petition in this court.

Under the provisions of 28 U.S.C.A. § 2243: "A court, justice or judge *entertaining* an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto*". (Emphasis supplied.) The statute has been construed to the end that it is not mandatory upon the Court to "entertain" the application. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed.

469. Particularly is this true when the application and the accompanying record of the case clearly show that the petition is without merit. Thomas v. State of Arizona, 356 U.S. 390, 78 S.Ct. 885, 2 L.Ed.2d 863. The instant proceeding falls within this classification.

As a basis for the writ petitioner alleges that he was denied due process of law and avers (1) that he was convicted solely on circumstantial evidence; (2) he was denied the right to defense of surrebuttal; (3) that the State failed to prove that deceased was killed or that petitioner was connected with the cause of death and that there was no proof that decedent met her death in an unlawful manner.

■ In his brief he urges, among other matters, (a) the verdict and judgment are contrary to the law; (b) the verdict and judgment are contrary to the evidence; (c) the verdict and judgment are contrary to the weight of the evidence; (d) the Court admitted incompetent and improper evidence over the objection of counsel for defendant; (e) the Court refused to exclude and strike out incompetent, irrelevant and immaterial evidence prejudicial to the rights of the defendant; (f) the Court refused to admit proper and competent evidence offered by petitioner; (g) the Court erred in overruling petitioner's motion for a preemptory instruction at the close of the State's case; (h) the Court erred in giving erroneous instructions; (i) there is no evidence in the record to support the verdict and judgment; (j) the Court erred in overruling petitioner's motion for a new trial; (k) the Court erred in overruling petitioner's motion in arrest of judgment; (l) the prosecution made improper and prejudicial remarks in the presence of the jury; (m) the sentence is excessive. Having in mind that it is the content of the pleading and not the label which determines its nature and effect, this petition bears all the resemblance of a motion for a new trial.

A review of the record in this cause persuades me to the belief that the Su-

preme Court of the State of Wyoming in an exhaustive and thorough opinion has clearly, fully, completely and conclusively passed upon each and every matter raised in this petition for writ of habeas corpus.

There has been some confusion of thought recently with regard to the right of persons imprisoned under judgment of state courts, which they claim to have been obtained in violation of rights guaranteed by the Constitution of the United States, to apply to the lower federal courts for release under habeas corpus. It may be useful, therefore, to summarize the rules which I understand to be applicable in such cases. They are:

■ The writ of habeas corpus may not be used in such cases as an appeal or writ of error to review proceedings in the state court. Woolsey v. Best, 299 U.S. 1, 57 S.Ct. 2, 81 L.Ed. 3; Moore v. Dempsey, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543.

■ The judgment of a state court is ordinarily res judicata, not only of those issues which were raised and determined, but also of those which might have been raised. Woolsey v. Best, supra. Ex parte Spencer, 228 U.S. 652, 33 S.Ct. 709, 57 L.Ed. 1010; Morton v. Henderson, 5 Cir., 123 F.2d 48. Ordinarily the failure to raise a constitutional question during the trial amounts to a waiver thereof. United States ex rel. Jackson v. Brady, 4 Cir., 133 F.2d 476. Only where failure to raise the question at the trial was due to ignorance, duress or other reason for which petitioner could not be held responsible, may resort be had to habeas corpus in the federal courts and even in these cases, only where it is made to appear that there has been such gross violation of constitutional right as to deny to the prisoner the substance of a fair trial and thus oust the court of jurisdiction to impose sentence. Frank v. Mangum, 237 U.S. 309, 35 S.Ct. 582, 59 L.Ed. 969.

■ It is perfectly clear that petitioner here has not made any such showing as to entitle him to the writ from the fed-

eral courts. He was represented at the trial by competent counsel of his own choosing. There is no basis for any contention that through ignorance, duress or other reason, for which he should not be held accountable, his rights were not properly protected. There was present no gross violation of constitutional right as to deny him the substance of a fair trial and thus oust the court of jurisdiction to impose sentence. He had an adequate remedy under state law, of which he availed himself when he appealed his conviction to the highest court of this state and there received a full review of all matters of which he now complains.

The due process clause of the Fourteenth Amendment requires that action by a state through any of its agencies must be consistent with the fundamental principle of liberty and justice, which lie at the very base of our civil and political institutions, and which are frequently designated as the "law of the land". Where this requirement has been disregarded in a criminal trial in a state court, federal courts should not hesitate to exercise their jurisdiction to enforce the constitutional guarantee. This amendment does not draw to itself the provisions of state constitutions or state laws. It leaves the states free to enforce their criminal laws under such statutory provisions and common law doctrines as they may deem appropriate. It does not permit a party to test rulings of a trial in a state court. As already stated, the due process clause of the Fourteenth Amendment does not authorize this court to review errors of state law however material under that law. I am unable to find that the alleged errors under attack constitute anything more than alleged errors as to state law. Certainly if they are true they were not such as to deprive petitioner of a trial according to the accepted course of legal proceedings.

In United States ex rel. Feeley v. Ragen, 7 Cir., 166 F.2d 976, at page 981, the court stated:

"We should not lose sight of the fact that the Federal courts are being used to invade the sovereign jurisdiction of the States, presumed to be competent to handle their own police affairs, as the Constitution recognized when the police power was left with the States. We are not super-legislatures or glorified parole boards. We as courts look only to the violation of Federal Constitutional rights. When we condemn a State's exercise of its jurisdiction and hold that the exercise of its powers is not in accordance with due process, we are in effect trying the States. It is State action that is on trial, and a decent regard for the coordinate powers of the two governments requires that we give due process to the State. That is the reason that in habeas corpus cases the relator must first show that he has exhausted his State remedies to open the way for the Federal courts to try the State's exercise of its sovereign power. For after all, the States represent the people more intimately than the Federal Government."

For reasons stated the motion to dismiss the petition for writ of habeas corpus is sustained and the clerk will enter an order accordingly.