W. G. BALLARD, Petitioner,

v.

O. B. ELLIS, Director, Texas Department
of Corrections, Respondent.

Civ. A. No. 13238.

United States District Court
S. D. Texas,
Houston Division.

Sept. 23, 1960.

W. G. Ballard, Huntsville, Tex., pro se.

Will Wilson, Atty. Gen., and J. G. Davis, Asst. Atty. Gen., for respondent.

INGRAHAM, District Judge.

This case is presented on petition for writ of habeas corpus by a prisoner in state custody, filed July 7, 1960, respondent's answer and motion to dismiss, filed August 6, 1960, and petitioner's replication, filed August 18, 1960.

Petitioner was convicted of robbery by assault on February 22, 1954, in the 99th District Court of Lubbock County, Texas. Sentence was pronounced on March 4, 1954, for confinement in the penitentiary for not less than five nor more than fifteen years. Respondent holds lawful custody of petitioner by virtue of these proceedings. Petitioner in no way attacks this sentence. An accused who is legally detained in custody under a valid and unexpired portion of a sentence is not entitled to release by habeas corpus, even though another portion of the sentence should be held illegal. Ammons v. King, 8 Cir., 1943, 136 F.2d 318.

Subsequent proceedings were had in the 83rd District Court of Pecos County, Texas, on September 24, 1956. Petitioner entered pleas of guilty to charges of escape from jail and burglary. He was given sentences to run concurrently after the prior conviction from sentence in Lubbock County was served. It is these proceedings in Pecos County which are attacked by petitioner. He submits documents to show that he was in custody elsewhere when the burglary was allegedly committed in Pecos County in November 1953. The validity of this contention need not concern the court in a habeas corpus proceeding. This is purely a defensive matter which should have been raised in the state court proceedings. Constitutional objections to those proceedings are our sole concern.

158

28 U.S.C.A. § 2241(c); 1 Barron & Holtzoff, Federal Practice and Procedure with Forms, Sec. 45 (Wright Ed. 1960). Petitioner has no federal right to attack state judgments collaterally by raising issues in a habeas corpus action which could have been raised in the earlier trial. Woolsey v. Best, 1936, 299 U.S. 1, 57 S. Ct. 2, 81 L.Ed. 3. The writ of habeas corpus may not be used in lieu of an appeal. Daniels v. Allen, 4 Cir., 1951, 192 F.2d 763, 766, affirmed 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469, rehearing denied, 1953, 345 U.S. 946, 73 S.Ct. 827, 97 L.Ed. 1370.

Petitioner's motion for transfer or change of venue to the Northern District of Texas will be denied and respondent's motion to dismiss will be granted.

True copies hereof will be forwarded by the clerk to the petitioner and the Attorney General of Texas, who will draft and submit appropriate order.