Harold **WHITELEY**, No. 9789, an inmate of the Wyoming State Penitentiary, Rawlins, Wyoming, Petitioner,

v.

**STATE OF WYOMING**, Respondent.

Civ. No. 5185.

United States District Court
D. Wyoming.

Nov. 25, 1968.

Maxwell E. Osborn, Cheyenne, Wyo., and William J. Knudsen, Jr., Laramie, Wyo., for plaintiff.

Jack Speight, Asst. Atty. Gen., State of Wyoming, Cheyenne, Wyo., for defendant.

### JUDGE'S MEMORANDUM

KERR, District Judge.

This is a habeas corpus proceeding brought by petitioner, Harold Whiteley, in which he asserts that he is unlawfully held in custody in the Wyoming State Penitentiary, located in the City of Rawlins, County of Carbon, State of Wyoming.

The parties stipulated the record to be filed with this court, namely, the original record of the trial court and the record on appeal to the Wyoming Supreme Court.

At the hearing on September 6, 1968, in this court, petitioner was represented by his attorneys and the respondent was represented by the Office of the Attorney General of the State of Wyoming.

The Court heard oral arguments of both counsel and studied their briefs and authorities.

Petitioner was tried in the District Court, Second Judicial District, Carbon County, Wyoming, for the crime of breaking and entering a locked building. The jury returned a verdict of guilty and answered in the affirmative the three interrogatories concerning the three prior felonies. Petitioner was sentenced to the Wyoming State Penitentiary for a term of not less than one nor more than ten years and committed for the remainder of his natural life for being a person judicially determined of being an habitual criminal. The trial Court ordered said terms of sentences to run concurrently. At the arraignment, trial and sentencing, petitioner was duly represented by court appointed counsel.

On appeal to the Wyoming Supreme Court, each and every argument presented by petitioner's counsel was considered and in a unanimous opinion the Supreme Court, duly constituted, found no reversible error and affirmed the judgment of the trial court. Whiteley v. State of Wyoming, Wyo.1966, 418 P.2d 164. The Supreme Court found that there was no error in amending the information in a matter of substance without obtaining leave of court, and that the defendant, Harold Whiteley, had been arraigned on the amended information and no error existed as to that aspect of the case. The Supreme Court held, also, that there was no abuse of discretion by the trial judge in allowing a witness to testify contrary to the court's prior order excluding witnesses, and that there was no showing of any constructive fraud having been perpetrated upon the trial court by the actions of the county attorney. The Supreme Court found that the arrest of petitioner was reasonable and proper, and stated that the search of his automobile was justified.

On January 4, 1967, petitioner filed an application for post-conviction relief pursuant to Wyoming law, in the District Court, Second Judicial District, Rawlins, Wyoming. Section 7–408.1 through 7–408.8, W.S.1957 as amended. In that application petitioner raised three new issues and repeated the claim pertaining to the alleged unlawful search and seizure and subsequent admission into evidence of the items obtained through the search and seizure. The three new grounds for relief in the post-conviction proceedings were: (1) that petitioner was denied his right to a fair and impartial trial by jury and the right not to be twice put in jeopardy for the same offense insofar as the jury had knowledge of his prior criminal record which was alleged in the information and in turn read to the jury; (2) that petitioner was denied his constitutional right of effective assistance of counsel because of certain alleged failures on the part of petitioner's appointed trial counsel; and (3) that petitioner was twice placed in jeopardy and denied due process and equal protection of the law wherein he was sentenced to two concurrent sentences for the commission of a single crime.

After hearing petitioner's application for post-conviction relief, receiving evidence, and considering the oral arguments and briefs of petitioner's counsel and opposing counsel, the District Court found against the petitioner on all points raised in his application for post-conviction relief. Petitioner took no appeal to the Wyoming Supreme Court from the trial court's order denying post-conviction relief.

■ Petitioner did not exhaust his state court remedies with respect to the three new claims raised in the post-conviction proceedings; they have not been considered or determined by the Wyoming Supreme Court. Direct appeal is expressly provided by the Wyoming Post-Conviction Relief statute. Sec. 7–408.7 W.S.1957. Petitioner cannot be heard to say, therefore, that an appeal from the post-conviction order would be repetitious or futile. Petitioner is no stranger to the right of review by the Supreme Court nor to the procedure for

perfecting an appeal. Habeas corpus proceedings in the United States District Court are improper substitutes for state appellate procedure available to state prisoners.

On November 21, 1967, petitioner filed his petition for a writ of habeas corpus with this court. The motion to dismiss filed by the State of Wyoming was heard and denied. Thereafter, in petitioner's amended petition he alleged the following grounds on which he claimed the right to relief: (1) that he was denied his right to counsel and due process of law under the federal constitution when the court imposed the sentence upon petitioner under the Habitual Criminal Act without obtaining evidence that his right to representation by counsel was adequately protected in the proceedings resulting in the prior felony convictions on which the habitual criminal penalty was based. This issue is raised for the first time and has not been presented to any state court for consideration. (2) That petitioner was denied his federal constitutional guarantees in that he was twice placed in jeopardy for the same offense and was denied due process and equal protection of law when he was given one penalty for the crime of breaking and entering and an additional penalty for being an habitual criminal. This issue was decided against petitioner in the post-conviction proceeding. (3) That petitioner's arrest was illegal for want of a valid complaint and valid arrest warrant; that the search of his automobile was not made incident to a lawful arrest and that the subsequent seizure of evidence was invalid; and that the introduction of the illegally seized contraband obtained in the unlawful search and seizure at his trial was prejudicial and in violation of the federal constitution. This issue has been decided by both the trial court in the post-conviction proceedings and by the Wyoming Supreme Court.

The stipulated record shows beyond cavil that the petitioner has not exhausted his state remedies as to the first ground on which he bases his claim for relief, and that his petition for writ of habeas corpus is in effect an appeal from the State District Court's order in the post-conviction proceeding as to the second ground, and an appeal from the Wyoming Supreme Court as to the third ground on which he claims relief. The petition for writ of habeas corpus, is, therefore, without merit.

■ The record shows that the Supreme Court of the State of Wyoming, in a unanimous opinion, clearly and conclusively passed upon each and every matter raised by petitioner in his appeal to that court. The judgment of a state court is ordinarily res judicata, not only of those issues which were raised and determined, but also of those issues which might have been raised.

■ The writ of habeas corpus may not be used as an appeal or writ of error to review proceedings in the state court. Woolsey v. Best, 299 U.S. 1, 57 S.Ct. 2, 81 L.Ed. 3; Moore v. Dempsey, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543; Alexander v. Daugherty, D.C., 189 F.Supp. 956, aff'd 10 Cir., 286 F.2d 645, cert. den. 366 U.S. 939, 81 S.Ct. 1666, 6 L.Ed.2d 849. The Wyoming State Supreme Court is competent to consider and determine the matters before it and I am reluctant to invade the sovereign jurisdiction of that court.

■ Petitioner improperly asserts a new claim in this court to the effect that his constitutional rights were abridged by the trial court for the reason that it did not obtain evidence that petitioner was represented by counsel in the proceedings which resulted in the prior felony convictions on which the habitual criminal charge was based. Failure to raise any claim of substantial denial of constitutional rights in the trial, on appeal, or in the post-conviction proceedings constitutes a waiver of such claim. Section 7–408.3 W.S.1957 as amended; Alexander v. Daugherty, supra. There is no evidence that petitioner's failure to raise the new issue in any of the prior proceedings was due to ig-

norance, duress or any other reason for which petitioner could not be held responsible.

■ Lest petitioner ultimately complain that there was such a gross violation of his constitutional rights as to deny him the substance of a fair trial and thus oust the court of jurisdiction to impose sentence, I shall briefly comment on the following claims which have not been adjudicated by the Wyoming Supreme Court. Contrary to petitioner's first claim in the post-conviction proceeding, he was not denied the right to a fair and impartial trial by jury and the right not to be twice put in jeopardy for the same offense by reason of the amended information which recited three prior felony convictions and sentences nor by reason of the reading thereof to the jury. The jury was not asked to, nor did it try and determine petitioner's innocence or guilt of those prior felonies. The role of the jury in this respect, clearly explained and delineated by the trial judge in his instructions [1], was merely to determine the number of times, if any, the petitioner had previously been convicted of felonies as alleged in the information.

■ On the trial of the breaking and entering charge against petitioner, he was interrogated by his own counsel concerning past felony charges that had been made against him. He stated unequivocally that he had plead guilty to all of them. On direct examination by his counsel, petitioner testified that he had been in the penitentiary at Leavenworth, Kansas, and that he had served six sentences in penitentiaries. At no time did he complain that his right to representation by counsel had not been adequately protected in the proceedings

resulting in the prior felony convictions on which the habitual criminal charge was based. The convictions on which the habitual criminal charge was based occurred on February 24, 1942, April 13, 1956, and November 17, 1959. Petitioner's counsel objected to the introduction in evidence of the certified copies of the judgment and sentence in those prior proceedings on the general grounds that they were incompetent, irrelevant, immaterial and prejudicial and on the ground that they were offered without sufficient foundation; counsel did not claim that petitioner had not been represented by counsel in the proceedings which resulted in the prior convictions. The record contains no evidence from which it could be inferred that petitioner was denied his constitutional rights of counsel at the time of his prior felony sentences. In the absence of evidence to the contrary, it must be presumed that the acts of the sentencing courts which heard the 1942, 1956 and 1959 charges, were proper and that the constitutional rights of petitioner were adequately protected during those proceedings. Likewise, in the absence of specific objections made at the proper and opportune time during the trial, petitioner cannot raise the new objections for the first time in the United States District Court in a habeas corpus proceeding. For the foregoing reasons, petitioner is not entitled to a writ of habeas corpus on the first ground alleged in his petition.

The substance of petitioner's second ground for relief in this court (also raised in the post-conviction proceeding), is that the trial judge referred to the habitual criminal aspects of the judgment and sentence as a separate crime. At the time of sentencing on June 1, 1965, in the colloquy between the

1. *Instruction No. 10 given by the trial court reads in part as follows:* "With reference to Counts 2, 3, and 4 of the Information the State must prove beyond a reasonable doubt that the defendant, Harold Whiteley, who the State has charged in Count 1 of the Information is the one and same person that the State charges with having been convicted of the crimes charged in Counts 2, 3, and 4 of the Information. You should consider the evidence on each of the alleged prior convictions individually. You will be asked to determine the number of times the defendant has been previously convicted of felonies, as alleged in the Information, if any, and so state in your verdict."

court and petitioner and petitioner's counsel, the Court said, "And, of course, all of these three counts, original charges and the other three counts taken together constitutes the crime of being a habitual criminal". The Court then said, "* * * it will be the sentence of the Court that you shall spend a term in the State Penitentiary of not less than your natural life".

The formal judgment and sentence of the Court filed on June 1, 1965, however, demonstrate that the Court was well aware that the penalty is enhanced by the Habitual Criminal Act. After reciting that the defendant had been found guilty of the crime of breaking into a locked and sealed building, "and also having been found to be the one and same person who had prior hereto been convicted three times of felonies under the habitual criminal act of the State of Wyoming * * *", the Court ordered, adjudged and decreed that petitioner be imprisoned and confined in the Wyoming State Penitentiary "for a term of not less than 1 year nor more than 10 years, on the first count charging (sic) in the Information, towit: Breaking into a Locked or Sealed Building, and for the remainder of your natural life under the charge and allegations laid under and in conformity with the Habitual Criminal Act set forth in the Information filed herein, all of said terms of sentence to run concurrently at hard labor". Whereupon the trial judge commanded the warden of the State Penitentiary to keep and imprison petitioner in the penitentiary "for a term of not less than 1 nor more than 10 years, on the first count; and for the remainder of his natural life under the Habitual Criminal Act of the State of Wyoming, all to run concurrently".

 The record does not support petitioner's claim that he was sentenced to two concurrent sentences for the commission of a single crime, or that he was given one penalty for the crime of breaking and entering and another penalty for being an habitual criminal. The requirements of the Wyoming Stat-

utes were followed with respect to the habitual criminal charge against petitioner: the previous convictions were set forth in the Information, and proof thereof was made in the trial. Section 6–11, W.S.1957. Upon proof that petitioner had been convicted of a felony three times previous to the conviction about which he now complains, the trial court properly enhanced petitioner's punishment by imprisonment in the state penitentiary for not less than life. Section 6–10, W.S.1957. The judgment and sentence of the trial court filed June 1, 1965, was proper and did not violate petitioner's constitutional rights. He is, accordingly, not entitled to a writ of habeas corpus based on his second ground.

 In his petition for a writ of habeas corpus, petitioner has alleged grounds for relief under the Federal Constitution. It is the duty of this Court "to make an independent determination that due process has been observed in the factual and legal support for state adjudications." Maes v. Patterson, 10 Cir., 401 F.2d 200 (October 2, 1968); Dentis v. State of Oklahoma, 10 Cir., 376 F.2d 590 (1967). I advert, therefore, to petitioner's claim that his arrest was illegal for want of a valid complaint and valid arrest warrant; that the search of his automobile was not made incident to a lawful arrest and subsequent seizure of evidence was invalid; and that the introduction of the illegally seized contraband obtained in the illegal search and seizure at petitioner's trial was prejudicial in violation of the federal constitutional provisions. The Supreme Court of Wyoming, as I have already said, made a full and final determination of this issue and upheld the validity of the arrest and seizure.

The material facts with respect to the arrest, search and seizure are these: on the evening of November 23, 1964, several business establishments in Saratoga, Carbon County, Wyoming, were broken into. On November 24, 1964, the Sheriff of Carbon County investigated the offenses. Acting upon a "tip", the Sheriff signed a complaint charging pe-

titioner and one other with breaking and entering a locked and sealed building. The complaint was made to the Justice of the Peace and a warrant of arrest was issued. A radio broadcast, Item 881, was made that same day, and was received by the Sheriff's Office in Laramie, Albany County, Wyoming, and communicated to the Laramie Police Department on November 24, 1964. Late that night, the Laramie Police stopped and detained petitioner in Laramie, Wyoming, and almost simultaneously he was arrested by the deputy sheriff of Albany County, Wyoming. The Laramie police and the deputy sheriff had neither an arrest warrant nor a search warrant. They searched petitioner's automobile without his consent, and removed several items of personal property which were later introduced into evidence at the trial. The Laramie police acted in reliance upon the information furnished in the notice posted in the Laramie Police Department which was authorized by Item 881 sent out by the Carbon County Sheriff; the deputy sheriff of Albany County acted in reliance upon Item 881. Thus, the officers were acting on reliable information which caused them to believe that Whiteley had committed a felony.

It may be said that the information received by the Laramie police officers and the Albany County Sheriff's office was hearsay as to them. Such information, however, came from an official source, specifically provided and customarily used to transmit such information. The Sheriff's office and the Police officers were not entitled to discredit the information thus released and transmitted. Had they not pursued Item 881 and the police department notice, they would have been derelict in their duties. The Police officers who stopped and detained petitioner, and the deputy sheriff who made the arrest and searched petitioner's automobile were acting on trustworthy information which warranted them, as reasonably prudent men, to believe that an offense had been or was being committed.

I find, under the facts and circumstances in the case before me, that the police officers and the deputy sheriff had probable cause to believe that at the time they detained and arrested him, the petitioner had violated the law of the State of Wyoming relating to breaking and entering a locked or sealed building. It follows that the arrest was lawful and that the subsequent search and seizure were made incident to that lawful arrest and were valid. The contraband seized was, therefore, competent evidence lawfully received at the trial of petitioner. Petitioner's third claim for relief does not entitle him to a writ of habeas corpus.

The petition for writ of habeas corpus is, therefore, denied.

This memorandum sufficiently states the findings of fact and conclusions of law and no additional findings are necessary.