Blake v. Sheehan                    CV-96-299-B    04/25/97

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**Elizabeth Blake**

    **v.**                                                    C-96-299-B

**Michael J. Sheehan**


**O R D E R**

Elizabeth Blake brought this legal malpractice claim against Michael J. Sheehan, Esq., alleging negligence in the handling of a transfer of real property.  For the reasons that follow, I abstain from this case and issue a stay until concurrent state litigation is concluded.

Blake sued in state court in 1995 seeking damages and attempting to quiet title in property she purchased from the C.B. Realty Trust ("the Trust") and its trustee Daniel Purinton.  She alleged that the Trust failed to convey good title to this property, sold under a warranty deed in exchange for $30,000 and a $62,000 promissory note payable to the Trust.  The property was originally owned by Robert Beck, Blake's grandson.  In order to protect the property from creditors, Beck had transferred it to the Trust, whose beneficiary was Beck's minor son, Christopher Beck.  Beck reserved a life estate in the property, which was encumbered by two mortgages.

Fearing that his initial transfer to the Trust would be undone as a fraudulent transfer under New Hampshire law, Beck and Purinton engaged in the transaction from which this lawsuit arises, transferring the Trust's interest in the property to Elizabeth Blake. Despite the Trust's conveyance of the property under warranty deed, the Trust apparently never held the property in fee simple, but only held a remainder interest, subject to Beck's life estate.

In the state court action, the Trust filed a third party action against its attorney, Michael J. Sheehan, and his firm, Sheehan, Cappiello & Gordon, who prepared the documents necessary to transfer the property to Blake. The Trust alleges damages flowing from Sheehan's negligence.

In 1996, Blake filed this action in federal court against Sheehan, arising out of the same facts as the state court case. Having considered the effect of the concurrent state litigation, and after making a "carefully considered judgment[,] taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise," I have decided to abstain from this case pursuant to Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 818-19 (1976).

Under <u>Colorado River</u> and its progeny, federal district courts may stay or dismiss federal lawsuits in deference to parallel state proceedings. The power of abstention is not absolute, however. It is warranted only in "exceptional circumstances" due to a strong presumption in favor of the exercise of the jurisdiction conferred on district courts by Congress and the Constitution. <u>Id.</u> at 817-19; <u>Villa Marina Yacht Sales, Inc. v. Hatteras Yachts</u>, 947 F.2d 529, 533 (1st Cir. 1991).

The <u>Colorado River</u> decision mentioned four illustrative factors for determining whether "exceptional circumstances" exist: (1) whether either the state or federal court has assumed jurisdiction over a <u>res</u>; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the forums obtained jurisdiction. <u>Colorado River</u>, 424 U.S. at 814. The Court has since added two additional factors: (5) whether state or federal law controls; and (6) the adequacy of the state forum to protect the parties' rights. <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 25-26 (1983). These factors do not comprise "a mechanical checklist." <u>Id.</u> at 16. Rather, the decision whether to abstain from a federal action because of parallel state-court

litigation must be based "on a careful balancing of the important factors as they apply in a given case," and "[t]he weight to be given to any one factor may vary greatly from case to case," depending on its particular setting. Id.; see Fuller Co. v. Ramon I. Gil, Inc., 782 F.2d 306, 309 (1st Cir. 1986). Nonetheless, because of the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," Colorado River, 424 U.S. at 817, I must weigh the important factors "with the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone, 460 U.S. at 16.

First, I find that this proceeding and the concurrent state proceeding are "parallel." See Interstate Material Corp. v. City of Chicago, 847 F.2d 1285, 1287 (7th Cir. 1988) (noting that the Colorado River doctrine is inapplicable in cases of non-parallel proceedings). There are some differences between the state and federal cases. For example, the Trust is not a party to the federal action. In addition, whether Sheehan owed Blake a duty of care is immaterial to the state action. Nonetheless, for proceedings to be parallel, they need not be identical. Id. at 1288; see also Landis v. North Am. Co., 299 U.S. 248, 254 (1936) ("[W]e find ourselves unable to assent to the suggestion that before proceedings in one suit may be stayed to abide the

4

proceedings in another, the parties must be shown to be the same and the issues identical."). Instead, a "suit is 'parallel' when substantially the same parties are contemporaneously litigating substantially the same issues in another forum, thus making it likely that judgment in one suit will have a res judicata effect in the other suit." Calvert Fire Ins. Co. v. American Mut. Reinsurance Co., 600 F.2d 1228, 1229 n.1 (7th Cir. 1979). In comparing the state and federal cases here, it is clear that the actions are substantially the same, and the federal action is merely an attempt by Blake to bypass the Trust and collect damages directly from Sheehan. In both cases, the issues of Sheehan's negligence and Blake's damages are identical and thus it is likely that the resolution of one case will have a preclusive effect on the other.

Turning to an examination of the factors laid out in Colorado River, it is clear that the first is inapplicable to this case. Although the concurrent state case involves a petition to quiet title, no res is at issue in the federal case. In addition, it is no more burdensome to the parties to adjudicate their claims in federal versus state court. Turning to the fourth factor, the state court litigation was brought first and appears to have engaged a substantial amount of that

court's time. In contrast, the federal case has progressed with virtually no judicial involvement. Furthermore, this court has jurisdiction over the case due to diversity between the parties and no federal question is involved. These factors weigh in favor of abstention, but would rarely, if ever, warrant abstention by themselves. The two remaining factors, however, whether the parties' interests will be adequately addressed in the state forum and the desirability to avoid piecemeal litigation, militate strongly in favor of abstention, and make this case exceptional.

Sheehan and Blake have agreed to settle the federal case and settlement conferences have been held in the state action. In the absence of a comprehensive settlement agreement involving the Trust and the pending state court litigation, however, the settlement cannot be completed. Thus, it appears that the most equitable and judicious outcome between the parties necessitates the involvement of the Trust, over which this court has no jurisdiction. The existence of parallel actions, rather than furthering the interests of the parties, is instead hindering resolution of the case. The interests of the parties would be best served by allowing the state court, which has jurisdiction over the entire case, to oversee settlement negotiations.

I also find that the parties' piecemeal approach to litigation in this case involves more than the "routine inefficiency" that always accompanies parallel cases. See Villa Marina Yacht Sales, 947 F.2d at 535-36. A proper resolution of this action requires more than an examination of the relationship between Blake and Sheehan, for that relationship comprised only a small part of the substructure on which this action is based. This action actually involves a complex relationship between the Trust, the Trust's creator, Robert Beck, and their attempt to protect the property from the reach of creditors. In addition, should the state court find that Blake's promissory note to the trust is unenforceable because the Trust did not convey the property in fee simple, Blake's damages against Sheehan would be limited to her $30,000 out-of-pocket loss. This amount would be insufficient for this court to retain diversity jurisdiction under 28 U.S.C.A. § 1332(b) (West 1993). For these reasons, I find that this case involves exceptional circumstances which warrant abstention.

For the foregoing reasons, I abstain from this case and issue a stay pending the resolution of the parallel state action.

7

SO ORDERED.

_____
Paul Barbadoro
United States District Court


April 25, 1997

cc:  Charla Bizios Labbe, Esq.
     J. Christopher McGirk, Esq.
     J. Norman Jacques, Esq.

8